UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
LARRY JOHNSON,

                    **ORDER**

         Plaintiff,

      -against-

                    15 Civ. 7823(KMK)(JCM)

WARDEN DOTY, FATHER PAUL, IMAM
JOHN NASHID, WARDEN R. ORLANDO,
AND OFFICER MATTHEW KITT,

              Defendants.
------------------------------------------------------x

      By letter dated January 31, 2020, Defendant Officer Matthew Kitt ("Kitt" or

"Defendant")[1] submitted to the Court for *in camera* review logbook entries and grievances in

connection with Plaintiff Larry Johnson, Jr.'s ("Plaintiff") motion to compel, (Docket No. 150 at

1), in addition to a cover letter explaining the reasons for the redactions in Defendant's

productions, (Docket No. 164).  For the reasons that follow, the Court finds that the grievances

and certain portions of the logbook entries are relevant for discovery purposes, and therefore,

must be produced.

## I.  BACKGROUND

      Plaintiff brought this action *pro se* under 42 U.S.C. § 1983 claiming violations of his

constitutional rights arising from the alleged cancellations and interferences with the Muslim

service, Eid-ul-Adha, while he was incarcerated at Westchester County Jail ("WCJ"). (*See*

Docket No. 107) ("Third Am. Compl.").  On November 21, 2019, Plaintiff filed a motion to

compel Kitt to produce discovery and interrogatories in its entirety. (Docket No. 150 at 1).  On

---

[1] Kitt is the only remaining Defendant.  Defendants Father Paul, Imam Nashid, Warden Doty, and Warden R. Orlando were dismissed. (Docket No. 125 at 16).

January 9, 2020, the Court ordered Defendant to provide to the Court for *in camera* review

unredacted versions of all documents attached as exhibits to Plaintiff's motion to compel.

(Minute Entry for January 9, 2020). Defendant was also directed to review Kitt's disciplinary

records for any substantiated or unsubstantiated complaints or grievances relating to religious

services for the years 2010 to 2014, and to produce any relevant documents to the Court for *in

camera* review. (*Id.*). The Court otherwise assumes the parties' familiarity with the pertinent

facts and procedural history.

## II. DISCUSSION

Under amended Rule 26(b) of the Federal Rules of Civil Procedure ("Rule 26"),

"[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any

party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see

also Henry v. Morgan's Hotel Grp., Inc.*, No. 15 Civ. 1789 (ER)(JLC), 2016 WL 303114, at *3

(S.D.N.Y. Jan. 25, 2016)[2] ("[T]he amended Rule is intended to encourage judges to be more

aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze

proportionality before ordering production of relevant information.") (internal quotations

omitted). Information is relevant if it "has any tendency to make a fact more or less probable"

and "the fact is of consequence in determining the action." *McFarlane v. First Unum Life Ins.

Co.*, No. 16-CV-7806(RA), 2017 WL 4564928, at *2 (S.D.N.Y. Oct. 12, 2017) (citing Fed. R.

Evid. 401); *see also Benitez v. Straley*, No. 01 Civ. 0181(CM)(RLE), 2008 WL 4093479, at *1

(S.D.N.Y. Sept. 2, 2008) ("The relevance standard is construed broadly 'to encompass any

matter that bears on, or that reasonably could lead to other matter that could bear on, any issue

---

[2] In accordance with *Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009) and Local Civil Rule 7.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, a copy of this case and any others cited herein, only available by electronic database, accompany this Order and shall be simultaneously delivered to the *pro se* Plaintiff.

that is or may be in the case.'") (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Plaintiff maintains that the incomplete discovery hinders him from preparing his case. (Docket No. 150 at 2). Defendant objects on the basis that redactions in the documents are necessary to protect security and privacy concerns. (Docket No. 164). Specifically, Defendant contends that many of the entries demonstrated the manner in which correction officers maintained security of the facility during their respective tours of duty, and that to disseminate this information to the public could jeopardize the safety of inmates, staff and the public. (*Id.*). Defendant further maintains that many of the logbook entries raise HIPAA issues related to other inmates, who are not parties to this lawsuit and which are not relevant. (*Id.*). However, "[d]iscovery may not be denied on the basis of an unsubstantiated assertion by counsel that disclosure of requested information might impair facility security." *Messa v. Woods*, No. 07-CV-0306(DNH)(DEP), 2008 WL 2433701, at *2 n.1 (N.D.N.Y. June 12, 2008); *see also Medina v. Hunt*, No. 05-CV-1460(DNH)(GHL), 2008 WL 2228962, at *1 (N.D.N.Y. May 29, 2008) (which required a "specific and compelling reason for not producing the supplemental documents" based on institutional security concerns). "Instead, a claim that disclosure of requested documents would compromise facility security must be 'supported by an affidavit from an appropriate [DOCS] official, setting forth specific facts supporting the claim of security.'" *Benitez*, 2008 WL 4093479, at *2 (quoting *Medina,* 2008 WL 2228962, at *1). Here, Defendant has not provided any statement from a WCJ official specifically outlining the potential security threats of disclosing the various logbook entries. Moreover, any privacy concerns relating to other inmates can be cured by redacting personally identifying information.

## A. Logbooks Entries

The Court has reviewed *in camera* the logbook entries, and finds that two categories of entries are relevant to Plaintiff's claims: (1) entries relating to the timing or scheduling of other religious services when Kitt was on duty or post, and (2) entries relating to the events that may have overlapped with, or otherwise interfered with, the time the Islamic ceremony was scheduled to take place during times when Kitt was on duty or post. These categories of entries are relevant because they have a tendency to show if Kitt "arbitrarily can[celled] the Eid-ul-Adha service," (Third Am. Compl. ¶ 20), and if this conduct demonstrated a "deliberate campaign against" the Islamic faith, (*id.* ¶ 21). This evidence is certainly of consequence in determining whether Kitt infringed upon Plaintiff's constitutional rights to practice his religion by "substantially burdened[ing] [Plaintiff's] sincerely held religious beliefs." *Washington v. Gonyea*, 538 F. App'x 23, 26 (2d Cir. 2013). In addition to the entries Defendant has already produced, the following logbook entries are also relevant:

(1) all entries on October 5, 2014 between and including 9:30 and 13:00 when Kitt was on duty or post (Exhibit C[3] at Oct. 5, 2014);

(2) all entries on October 5, 2014 between and including 11:00 and 13:03 when Kitt was on duty or post (Exhibit D at Oct. 5, 2014, 7-3 Tour 35 W);

(3) all entries on October 5, 2014 between and including 11:00 and 13:00 when Kitt was on duty or post (Exhibit D at Oct. 5, 2014, 7-3 Tour);

(4) all entries on August 29, 2014 between and including 12:00 and 15:00 when Kitt was on duty or post (Exhibit E at Aug. 29, 2014);

---

[3] These exhibit letters refer to the exhibits Defendant produced for *in camera* inspection on January 31, 2020.

(5) all entries on September 5, 2014 between and including 11:00 and 14:00 when Kitt was on duty or post (Exhibit E at Sept. 5, 2014);

(6) all entries on September 12, 2014 between and including 11:00 and 14:00 when Kitt was on duty or post (Exhibit E at Sept. 12, 2014);

(7) all entries on September 26, 2014 between and including 11:00 and 14:30 when Kitt was on duty or post (Exhibit E at Sept. 26, 2014).

Accordingly, in addition to the logbook entries already produced, Defendant is directed to produce the foregoing entries to Plaintiff. If the Court has inadvertently allowed the disclosure of information relating to security concerns that were not obvious to the Court, Defendant must notify the Court in writing by March 20, 2020, and submit an affidavit from an appropriate WCJ official setting forth the specific facts in support of the claim of security. Defendant shall also redact any personal identifying information from the documents to protect privacy concerns of other inmates.

## B. Grievances

The Court has also reviewed *in camera* the grievances/request slips filed by Plaintiff and other inmates alleging that Kitt canceled or interfered with the Islamic service, or behaved in an otherwise discriminatory manner toward the Islamic faith. (Exhibits A, B, G). These documents are relevant for the same reasons discussed above: they have a tendency to show if Kitt interfered with or arbitrarily canceled the Eid-ul-Adha service, and if this conduct demonstrated a "deliberate campaign against" the Islamic faith. (*Id.* ¶ 21); *see Melendez v. Greiner*, No. 01 Civ. 07888(SAS)(DF), 2003 WL 22434101, at *3 (Oct. 23, 2003) (which held that "to the extent other inmates' grievances … allege conduct similar to that alleged in the Complaint … the documents sought may well yield information relevant to [Plaintiff's] claims, and such

documents are therefore discoverable.").  Accordingly, Defendant is directed to produce these grievances to Plaintiff.[4]

## III.  CONCLUSION

For the foregoing reasons, Defendant is directed to produce the relevant logbook entries, as specified above, and all grievances to Plaintiff by March 27, 2020.  Defendant shall redact any personal identifying information from the documents to protect privacy concerns of other inmates.

The Clerk of the Court is respectfully requested to mail a copy of this Order to Plaintiff.

Dated:  March 16, 2020
       White Plains, New York

**SO ORDERED:**

_Judith C. McCarthy_
JUDITH C. McCARTHY
United States Magistrate Judge

---

[4] Defense counsel maintains that one grievance, (Exhibit A), has already been produced to Plaintiff with the logbook partially redacted. (Docket No. 164).  To the extent this grievance has already been produced, Defendant need not re-produce it.